# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES THORNTON (#2010-0720078), | ) |
| Plaintiff, | ) |
| | ) No. 13 C 8029 |
| v. | ) |
| | ) Judge Jorge L. Alonso |
| DR. BAKER and NURSE ONYEACHANOM, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Charles Thornton, a pretrial detainee at the Cook County Jail ("the Jail"), brings a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He alleges that that he slipped and fell in a pool of water in a holding pen at the Cook County Jail on July 18, 2012. Plaintiff asserts that defendants, Dr. Simms and Nurse Onyeachanom, were deliberately indifferent to his objectively serious medical condition. Pending before the Court is defendants' summary judgment motion [124]. Defendants contend that (1) plaintiff failed to exhaust administrative remedies, and (2) defendants did not act with deliberate indifference to a serious medical need. For the reasons stated herein, defendants' motion is denied.

1.  **Background**

The following facts are taken from the record and presented in the light most favorable to plaintiff, the non-moving party, with all reasonable inferences drawn in his favor. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009). Plaintiff was shot in the mouth during a robbery in 2009, a year before his detention at the Cook County Jail. (ECF No. 91, ¶ 1.) The bullet lodged by the C2-C3 vertebrae in his neck. (ECF No. 91-2 at 22:19-21.) He has nerve damage, resulting in pain, as well as reduced mobility in his neck, right shoulder, right arm, and back. (*Id*. at 25:18-28:15.)

On July 18, 2012, plaintiff was held in a bullpen at the Jail with approximately twenty other detainees waiting to be relocated to another area. (ECF No. 91, ¶ 12.) Plaintiff slipped on a puddle of water in the bullpen and fell on his back. (*Id*., ¶¶ 13-15.) He experienced pain in his neck, back, and right shoulder from the fall. (*Id*., ¶ 16.) Plaintiff explains that the pain from his gunshot wound had been improving before his fall in July 2012. (ECF No. 91-2 at 100:22-101:2.) After the fall, his pain worsened. He described it as a "shooting pain" that went up and down his back. (*Id*. at 101:8-19.)

Plaintiff immediately complained about his pain following the fall, and he was examined by defendants Dr. Simms and Nurse Onyeachanom. Nurse Onyeachanom told plaintiff to lift his shirt, and then she told him there was nothing wrong with him (ECF No. 91, ¶ 26), although, according to plaintiff, he could barely pull his shirt halfway up (ECF No. 91-2 at 70:5-18). He also explained that he was in pain from the fall (*id.* at 71:14-16), and he had experienced a limp when he started to walk after the fall (ECF No. 91, ¶ 19). Plaintiff believes that Onyeachanom failed to conduct a medical exam before dismissing his complaints. (ECF No. 91-2 at 72:8.)

At some point during the exam, Dr. Simms entered the exam room. (ECF No. 91, ¶ 27.) Both Nurse Onyeachanom and Dr. Simms told plaintiff there was nothing wrong with him. (*Id*., ¶¶ 26, 34.) Dr. Simms saw plaintiff's difficulty lifting his shirt, but failed to take any action. (*Id.*, ¶ 34.) Nurse Onyeachanom told plaintiff that he should raise any additional complaints at his previously-scheduled appointment with his primary care physician scheduled on August 1, 2012. (*Id.*, ¶ 37.)

Plaintiff's only interaction with defendants was on July 18, 2012. Plaintiff followed up with a different doctor, Dr. Baker, in August and October 2012. (*Id*., ¶¶ 39-42, 44-45.) Dr.

Baker continued plaintiff's previously prescribed medication, and ultimately ordered an x-ray in October 2012. (*Id*.) The x-ray did not show any fractures or dislocations. (*Id*., ¶ 46.)

Plaintiff filed a number of grievances in the months following his July 2012 fall. (*Id*., ¶¶ 64-68.) He conceded at his deposition that the responses he received to his grievances stated that he was required to appeal the denial of the grievances within fifteen days in order to exhaust his administrative remedies (*id*., ¶ 69), but he explained that he did not understand the appeals process at first, and he did not appeal the denial of a number of his grievances. Plaintiff eventually learned how to appeal a grievance decision, and after the denial of the grievance he filed on July 22, 2013, he properly appealed. (ECF No. 1 at 13-15; ECF No. 106, ¶¶ 23-30.)

2. **Analysis**

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Wackett v. City of Beaver Dam*, 642 F.3d 578, 581 (7th Cir. 2011). The Court may not weigh conflicting evidence or make credibility determinations, but the party opposing summary judgment must point to competent evidence that would be admissible at trial to demonstrate a genuine dispute of material fact. *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 705 (7th Cir. 2011); *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). A genuine dispute is one that could change the outcome of the suit, and is supported by evidence sufficient to allow a reasonable jury to return a favorable verdict for the non-moving party. *Spivey v. Adaptive Mktg. LLC*, 622 F.3d 816, 822 (7th Cir. 2010).

Defendants first argue that plaintiff failed to exhaust his claims through the Jail grievance process. The Prison Litigation Reform Act (PLRA) instructs that "[n]o action shall be brought

with respect to prison conditions under [S]ection 1983 of this [T]itle, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Dole v. Chandler*, 438 F.3d 804, 808 (7th Cir. 2006). A pretrial detainee is required to utilize a jail grievance system before filing a § 1983 claim to make jail officials aware of alleged ongoing problems and to give them an opportunity to take corrective action to remedy the problem. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *Dole*, 438 F.3d at 809; *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999). "Exhaustion is an affirmative defense, and the burden of proof is on the defendants." *Dole*, 438 F.3d at 809 (citing *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)).

The Jail grievance process consists of two steps. First, an inmate must submit a grievance within fifteen days of the incident at issue to the correctional rehabilitation worker ("CRW"). (ECF No. 91, ¶¶ 71-72; ECF No. 91-5 at 3.) The CRW resolves the grievance and provides a response to the inmate. If the inmate is unsatisfied with the CRW's resolution of the grievance, the inmate must appeal to the Administrator of Program Services within fourteen days of receiving the CRW's decision. (ECF No. 91, ¶ 72; ECF No. 91-5 at 10.)

Plaintiff concedes that, in his initial attempts, he failed to complete the grievance process by appealing the denial of his grievances, and defendants seize on this concession to argue that plaintiff failed to exhaust his claims. However, defendants ignore plaintiff's July 22, 2013 grievance and subsequent appeal. The July 22, 2013 grievance, which received the tracking number 2013x2711, made the same claim of deliberate indifference, based on the same July 18, 2012 incident, that plaintiff makes in this case. (ECF No. 1 at 14.) Plaintiff appealed the denial

of this grievance. (*Id.* at 13-15.) This grievance and the subsequent appeal satisfy the PLRA exhaustion requirement.

It is true that the 2013x2711 grievance was filed more than a year after the July 18, 2012 incident at issue in this case, long after the Jail's fifteen-day deadline had expired. Nevertheless, Jail officials answered the 2013x2711 grievance and appeal on the merits. (*Id.*) Because Jail officials chose to resolve the grievance on the merits rather than rely on the fifteen-day deadline, the grievance and appeal meet the exhaustion requirement. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) ("Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense."); *Conyers v. Abirtz*, 416 F.3d 580, 585 (7th Cir. 2005) ("[A] procedural shortcoming like failing to follow the prison's time deadlines amounts to a failure to exhaust only if prison administrators explicitly relied on that shortcoming.").

Turning to the merits, plaintiff must show that (1) he had an objectively serious medical condition, and (2) defendants acted with deliberate indifference when failing to provide adequate care for his condition. *Dixon v. Cook Cty.*, 819 F.3d 343, 350 (7th Cir. 2016). Plaintiff provides sufficient evidence to meet both requirements.

Defendants first argue that plaintiff did not have an objectively serious medical condition because there was no physical manifestation of his injury. An objectively serious medical condition is one that has been diagnosed by a doctor as needing treatment, or a condition so serious that even a lay person would easily recognize the need for medical attention. *McDonald v. Hardy*, 821 F.3d 882, 889 (7th Cir. 2016). Plaintiff claims he was in severe pain. Pain is an

5

objectively serious medical condition. *Williams v. Liefer*, 491 F.3d 710, 716 (7th Cir. 2007). There is no need for an objective manifestation of pain; it is sufficient for a patient to claim to be in pain. *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996) ("Pain, fatigue, and other subjective, nonverifiable complaints are in some cases the only symptoms of a serious medical condition.").

Plaintiff asserts that he injured himself when he slipped and fell, and his situation was complicated by the preexisting condition of a bullet lodged in his neck near his spinal cord, which caused reduced mobility and pain due to the bullet's location near a nerve. Considering plaintiff's testimony that defendants knew that he had difficulty lifting his shirt, was in significant pain, and limped after his fall, in addition to the evidence of the lasting impact of the preexisting bullet wound, a jury could reasonably conclude that even a lay person would recognize that plaintiff needed medical attention. There is sufficient evidence that plaintiff suffered a serious medical condition after the July 18, 2012 fall to create a genuine issue of fact.

There is also a genuine factual dispute as to whether defendants acted with deliberate indifference. Ignoring an inmate's complaints of pain, resulting in unnecessary exposure to pain, satisfies the deliberate indifference standard. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Plaintiff testified at his deposition that defendants ignored claims of pain and sent him on his way without conducting a proper exam or attempting to address plaintiff's condition. It is possible that defendants did not believe plaintiff's claims of pain, thinking he was a malingerer. However, that question cannot be resolved at summary judgment. *See Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002) (instructing that medical professional's decision to reject prisoner's claim that he was in pain due to belief that he was a malingerer resulted in a question for a jury to resolve at trial). Defendants' motion for summary judgment is denied.

### 3. Conclusion

Defendants' motion for summary judgment [92] is denied.  The Court requests that attorney Stephen Rudisill, Nixon Peabody LLP, 70 West Madison St., Suite 3500, Chicago, IL 60602 represent plaintiff in this matter pursuant to counsel's trial bar obligation under Local Rule 83.11(g).  Plaintiff's motion for clarification [124] seeking a copy of plaintiff's motion in opposition to summary judgment is stricken as moot in light of the recruitment of counsel.  The case is set for status on September 20, 2016 at 9:30 a.m.  Counsel for the parties are directed to meet and confer in person or via telephone prior to the status hearing to discuss settlement.

**SO ORDERED.**                                        **ENTERED**: August 24, 2016

                                                                                    **HON. JORGE L. ALONSO**
                                                                                    **United States District Judge**